IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| JOHN SCOTT<br>ADC #82354, | * * * | |
| Plaintiff | * * | |
| v. | * * | Case No. 5:04CV00328JFF |
| CORRECTIONAL MEDICAL<br>SERVICES, *et al.*, | * * * | |
| Defendants | * | |

## ORDER

Pending is Plaintiff's Motion for Appointment of Counsel (docket entry #41) or Alternative Motion for Voluntary Dismissal (docket entry #41). The motion states:

> I'm probably doing this all wrong–but I am no attorney. Please dismiss my pending cases 505CV00194 and 504CV00328JFF. My reasons being I have no idea how to proceed. I'v been relying on another inmate who made parole and has gone home. I do not know to write the legal papers or how to word them. I do know I have 2 good cases against CMS if I had an attorney.

The Court previously denied Plaintiff's request for appointment of counsel in this case (docket entry #9). In the previous motion, Plaintiff stated that he suffered a series of "mini-strokes," and had been transferred to the Jefferson County Jail Facility where he is currently confined and apparently waiting to be paroled. Plaintiff's primary reason for requesting counsel was his medical condition stating that the "mini-strokes" caused him some intermittent memory loss. The Court denied his motion stating that based upon the content of Plaintiff's pleadings and motions filed, he appears capable of prosecuting his claims without appointed counsel. The Court found that Plaintiff's Eighth Amendment delay in medical care claims were not legally or

1

factually complex, and the Court was not convinced that Plaintiff's condition was so debilitating that he would be unable to investigate or present his claims to the Court. Since that time, Plaintiff has filed various typewritten pleadings, apparently with some assistance from another inmate, demonstrating an ability to prosecute this action.

CMS has responded with a Joint Motion to Dismiss (docket entry #40) stating that they have no objection to his request for a voluntary dismissal. Likewise, the ADC Defendants have responded (docket entry #42) stating that they have no objection to the dismissal.

The Court is not inclined to revisit its previous findings on Plaintiff's request for appointment of counsel. The fact that Plaintiff feels that he does not know how to proceed with the action, how to write or word legal documents, and has been relying on another inmate for assistance is not a sufficient basis for granting the motion. Plaintiff has not shown why he cannot take advantage of the jail's law library to prosecute this action. He may prosecute his *pro se* working within the guidelines of the Federal Rules of Civil Procedure and the local rules of this district. *Little v. Norris*, 787 F.2d 1241, 1244 (8th Cir. 1986) (If there is an adequate law library available or if there is assistance available from persons trained in the law, then the state has satisfied the inmates' right to meaningful access to the courts.); *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

IT IS THEREFORE ORDERED Plaintiff's Motion for Appointment of Counsel is DENIED and his Alternate Motion for Voluntary Dismissal is GRANTED (docket entry #41). If Plaintiff wishes to reopen this action, he may do so by filing the appropriate motion requesting to

reopen the case.[1]  All remaining pending are DENIED as moot.

      DATED this 16th day of August, 2006.

                                              MAGISTRATE JUDGE
                                              UNITED STATES DISTRICT COURT

---

[1]The Arkansas Savings Statute provides "if any action is commenced within the time prescribed . . . and the plaintiff therein suffers a nonsuit . . . the plaintiff may commence a new action within (1) one year after the nonsuit suffered." Ark.Code Ann. § 16-56-126. The Eighth Circuit has applied the Arkansas savings statute and relevant Arkansas authority to determine whether a Section 1983 action, which is governed by the state's limitations period applicable to personal injuries, is time-barred. *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001).